UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MEDIA COMMUNICATIONS, INC. ) | |
| ) | |
| Plaintiff, ) | Case No. 1:20-cv-04147 |
| ) | |
| v. ) | Judge Sharon Johnson Coleman |
| ) | |
| OUTFRONT Media, LLC, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Media Communications, Inc. ("MCI") sued defendant OUTFRONT Media, LLC ("Outfront") in July 2020, alleging that Outfront violated various terms of the parties' Billboard Marketing Agreement (the "Agreement"). MCI alleged that Outfront breached the Agreement by failing to provide MCI with quarterly reports reflecting the revenues Outfront had collected; accepting advertising contracts at rates lower than those established in the Agreement; and failing to pay MCI what it was entitled to under the Agreement. Outfront now moves for summary judgment on MCI's claim. For the reasons set forth below, this Court denies Outfront's motion [56].

**Initial Matters**

Although the parties do not address the issue, this Court finds that both MCI and Outfront's Rule 56.1 fact statements are riddled with issues violating Local Rule 56.1. Outfront's statement of undisputed material facts and MCI's statement of additional facts both contain factual statements lacking adequate support in the record. As a result, this Court declines to admit many of MCI and Outfront's proffered facts. *See Malec v. Sanford*, 191 F.R.D 581, 583 (N.D. Ill. 2000) (Castillo, J.) ("Factual allegations not properly supported by citation to the record are nullities"); *see also Curtis v. Costco Wholesale Corp.*, 807 F.3d 215, 219 (7th Cir. 2015) ("It is the litigants' duty to clearly identify material facts in dispute and provide the admissible evidence that tends to prove or disprove the

1

proffered fact."). MCI further violates Rule 56.1 by providing additional factual statements in its responses to Outfront's statement of facts that do not directly address the dispute. *See Bolden v. Dart*, No. 11 c 8661, 2013 WL 3819638, at *2 (N.D. Ill. July 23, 2013) (Feinerman, J.) (ignoring factual assertions provided in the response to defendant's statement of facts that went "beyond what is fairly responsive to the movant's factual assertions"). The Court will consider MCI's factual statements to the extent they are supported by the record and provided in MCI's statement of additional facts.

**Background**

The following relevant facts are read in the light most favorable to plaintiff and supported by the record, as described above. MCI and Outfront are in the billboard marketing business. Outfront is a nationwide outdoor advertising company, whereas MCI, owned and managed by Mushin Okmen ("Okmen"), is a local Illinois company that operates billboards (also known as "sign structures").

On February 24, 2017, Outfront and MCI entered into the Agreement. The Agreement made Outfront the exclusive marketing agent for eleven of MCI's billboards. As marketing agent, Outfront was tasked with marketing and selling MCI's sign structures to advertisers. The Agreement prohibited Outfront from entering into contracts with advertisers at rates below the rates set in the Agreement's VisualCast Rate Card (the "Monthly Discounted Rate") without MCI's permission. In addition, Outfront agreed to provide MCI 70% of all Net Advertising Revenue[1] Outfront collected for the billboards and to pay MCI in quarterly installments. The Agreement also required Outfront to provide MCI with a quarterly statement reflecting the Net Advertising Revenue

---

[1] Net Advertising Revenue is defined as "all income contracted and received by Outfront[] from the sale of advertising on the Sign Structures . . . less [] any commissions paid by Outfront to advertising agencies . . . and [] continuity discounts." (Dkt. 1, Ex. A at 2.)

Outfront collected during the period (the "quarterly report"). The parties agreed that the Agreement's terms could only be amended in a writing signed by both parties.

Throughout the course of the Agreement, Outfront sent MCI check payments and MCI deposited them. The parties dispute whether MCI received the quarterly reports. If a payment was lower than he anticipated, Okmen called Outfront to learn why the payment was low. Okmen testified that he was informed that the lower payments were "partial payments" and that Outfront intended to provide MCI with the full amount later. Outfront contends that it never told Okmen that it was providing partial payments, and instead maintains that Okmen gave Outfront permission to accept contracts for lower rates. The record reflects that the parties had conversations where they negotiated contractual rates after the Agreement was signed but lacks specifics as to when these conversations occurred or what was discussed. The parties have not produced evidence that Okmen expressly agreed to a lower rate than the Monthly Discounted Rates, nor evidence indicating that Outfront later rectified any allegedly improper payment. In February 2020, MCI realized that Outfront had been leasing the sign structures at rates lower than the Monthly Discounted Rates and emailed Outfront about the issue. The parties terminated the Agreement shortly thereafter.

Also relevant to the present dispute, in February 2018, MCI stopped paying rent for one of the eleven billboards. Okmen testified that he did not pay rent on this unit because a mulch pile next to the unit blocked the sign. Because MCI stopped paying rent, MCI lost its lease on the property. Outfront subsequently canceled a contract with a large advertising agency in Chicago for use of this billboard but continued to work with MCI until the parties terminated the Agreement in 2020.

**Legal Standard**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a);

*see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). When determining whether a genuine dispute as to any material fact exists, the Court must view the evidence and draw all reasonable inferences in favor of the nonmoving party. *Id.* at 255; *McDaniel v. Progress Rail Locomotive, Inc.*, 940 F.3d 360, 367 (7th Cir. 2019). After "a properly supported motion for summary judgment is made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" *Anderson*, 477 U.S. at 255 (citation omitted).

**Discussion**

Outfront moves for summary judgment on MCI's breach of contract claim on three grounds. First, Outfront argues MCI waived its right to enforce the Monthly Discounted Rates. Second, Outfront claims that MCI is barred from bringing a breach of contract claim against Outfront because MCI materially breached the contract *before* Outfront's alleged breach. Lastly, Outfront contends that it did not breach the contract because it sent MCI timely quarterly reports. Because there are genuine disputes of material fact as to all three arguments, this Court denies Outfront's summary judgment motion.

First, this Court addresses whether Outfront is entitled to summary judgment because MCI expressly or impliedly waived its right to enforce the Monthly Discounted Rates. "In Illinois, waiver is the voluntary and intentional relinquishment of a known right. Waiver may be made by an express agreement or it may be implied from the conduct, acts or words of the party who is alleged to have waived a right." *Delta Consulting Grp., Inc. v. R. Randle Const., Inc.*, 554 F.3d 1133, 1140 (7th Cir. 2009) (internal citations omitted). Outfront contends that MCI gave Outfront express permission to accept contracts below the Monthly Discounted Rates. However, Outfront's cited

4

statement of fact is not adequately supported by the record. (Dkt. 58, ¶ 18.) MCI maintains that MCI and Outfront never specifically agreed to lower rates.[2] Because of this dispute over the existence of an express agreement, Outfront is not entitled to judgment as a matter of law on a theory of express waiver.

In addition, Outfront has not demonstrated that the Court should grant Outfront summary judgment based on a theory of implied waiver. "[T]he act relied on to constitute [implied] waiver must be clear, unequivocal and decisive." *Delta*, 554 F.3d at 1140. Here, there is a genuine dispute of fact as to whether MCI, through clear, unequivocal and decisive action, waived its right to enforce the Monthly Discounted Rates. Outfront argues that by accepting and depositing Outfront's payments without complaint for three years, MCI impliedly waived its right to enforce the Monthly Discounted Rates. Courts have found that accepting payments can constitute implied waiver, particularly when the recipient does not object to the other party's conduct or continues to solicit business from the other party. *See id.* at 1141 (finding implied waiver where defendant "continuously accepted [plaintiff's] performance by paying for it and never once objecting to it"); *cf. Vandevier v. Mulay Plastics, Inc.*, 135 Ill. App. 3d 787, 791–92, 482 N.E.2d 377, 380–81 (1st Dist. 1985) (finding implied waiver when plaintiff continued cashing checks and soliciting business from defendant even though plaintiff complained upon receipt of the lower payments). However, Okmen testified that he raised concerns about lower payments several times from 2017–2020 and believed that the payments he received were "partial payments" from Outfront. (Dkt. 61, Ex. 1, at 113–114.) This case is thus distinguishable from *Vandevier* as a reasonable jury could conclude that Okmen only

---

[2] In its brief, MCI argues that because the Agreement required the parties to amend the contract in writing and Outfront failed to produce a signed writing suggesting an agreement for lower contractual rates, this Court should reject Outfront's express waiver argument. Having thoroughly reviewed the briefing and the record, the Court determines that a signed writing is not required for express waiver in this case and thus does not consider MCI's argument further.

accepted Outfront's payments with the understanding that he would later receive the full payment amount. As a result, Outfront is not entitled to summary judgment on a theory of implied waiver.[3]

Next, Outfront maintains this Court should grant summary judgment in its favor because MCI materially breached the contract first, barring it from bringing a breach of contract claim against Outfront. Outfront argues that MCI materially breached the Agreement when it failed to pay a lease and retain proper title on one of eleven billboards. MCI does not dispute that it stopped paying the lease on this unit but contends that this was not a material breach under the contract.

When a party materially breaches a contract, that party "cannot take advantage of the terms of the contract which benefit him, nor can he recover damages from the other party to the contract." *Dubey v. Pub. Storage, Inc.*, 918 N.E.2d 265, 284, 395 Ill. App. 3d 342, 361–62 (1st Dist. 2009). A breach is material when "it is so substantial and fundamental as to defeat the objects of the parties in making the agreement, or [when] the failure to perform renders performance of the rest of the contract different in substance from the original agreement." *Freedman v. Am. Guardian Holdings, Inc.*, No. 1:16-cv-11039, 2019 WL 3973129, at *4 (N.D. Ill. Aug. 22, 2019) (Alonso, J.) (internal citations omitted). "Whether a material breach of contract has been committed is a question of fact." *LB Steel, LLC v. Carlo Steel Corp.*, 122 N.E.3d 274, 289, 428 Ill. Dec. 265, 280 (1st Dist. 2018) (internal citations omitted).

After reviewing the cited evidence, this Court holds that a reasonable jury could find for MCI on the question of materiality. Outfront maintains that it lost an advertising contract due to MCI's breach, but it is unclear whether there were any other serious ramifications resulting from this

---

[3] Outfront also claims MCI impliedly waived the right to enforce the Monthly Discounted Rates because Okmen signed the Third Amendment to the Purchase and Sale Agreement which affirmed the "continued effectiveness" of the Agreement. According to Outfront, this amendment "lulled" Outfront into assuming it need not strictly comply with the Monthly Discounted Rates. The Court does not see how this Amendment supports Outfront, and not MCI, given that the Amendment does not appear to alter the Monthly Discounted Rates. As for Outfront's claim that MCI had constructive knowledge that Outfront had been accepting contracts for lower rates, the Court finds that Outfront inadequately explained how this constructive knowledge constitutes implied waiver.

breach. Furthermore, as MCI points out, Outfront did not cancel the Agreement after learning about the lost lease.[4] It is therefore disputed whether this breach frustrated a central purpose of the Agreement and the Court will not grant Outfront summary judgment on this basis. *See Balmoral Racing Club, Inc. v. Churchill Downs, Inc.*, 953 F. Supp. 2d 885, 899–900 (N.D. Ill. 2013) (Grady, J.) (concluding that a reasonable jury could determine that the alleged breach was "ancillary" to the agreement's purpose and thus not material).

Lastly, and without much explanation, Outfront claims it is entitled to summary judgment because it sent MCI quarterly reports. MCI's breach of contract claim is based, in part, on Outfront's failure to send these reports. Yet, the parties dispute whether MCI received these quarterly reports on time. Outfront is thus not entitled to summary judgment on this basis, either.

**Conclusion**

For the foregoing reasons, Outfront's motion for summary judgment [56] is denied.
IT IS SO ORDERED.


Date: 12/14/2022

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge

---

[4] MCI's primary argument that it did not commit a material breach is based on a provision in the Agreement which permits Outfront to terminate the Agreement as to one or more billboards under certain circumstances. According to MCI, because the contract anticipated the disputed breach and provided a remedy, MCI's failure to pay the rent on this lease cannot be a material breach. However, since MCI directly cited the record in the briefing instead of its additional statement of facts, MCI violated Local Rule 56.1 and the Court does not consider its argument. *See Mervyn v. Nelson Westerberg, Inc.*, 142 F. Supp. 3d 663, 664–66 (N.D. Ill. 2015) (Feinerman, J.) (collecting cases discussing how the party must rely on its statement of fact—and not direct references to the record—in its briefing).